Dear Representative Wells,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Does an Emergency Medical Service District Board have thepower and authority to employ legal counsel to represent theEmergency Medical Services District?
 2. May an Emergency Medical Service District provide a FirstResponse Agency in lieu of an ambulance service?
 3. If the district is unable to provide an ambulance servicedue to an error in the expected annual income from the tax levy,is the district required to return money to the taxpayers?
 4. If an Emergency Medical Services District is composed of aschool district, are voters from the entire school districtrequired to vote in order for the district to be properlycreated?
 Organization Of Emergency Medical Service Districts
¶ 1 The Oklahoma Constitution at Article X, § 9C(a) authorizes the formation of emergency medical service districts. The districts are formed after the local board or boards of county commissioners call a special election to determine whether an "ambulance service district" should be formed. Id. Each district that is authorized or established by the Constitution has a board of trustees composed of not less than five members.Id. The board of trustees has the power and duty to promulgate and adopt such rules, procedures and contract provisions necessary to carry out the purposes and objectives of these provisions. Id. Subsection (a) of Section 9C provides that a district's board of trustees has the power to "hire a manager and appropriate personnel, contract, organize, maintain or otherwise operate the emergency medical services within said district and such additional powers as may be authorized by the Legislature."Id. Statutory authority for providing a budget procedure for such districts exists at 19 O.S. 2001, §§ 1701[19-1701] through 1723, the Emergency Medical Service District Budget Act.[1]
 I. An Emergency Medical Service District Formed Under Article X, Section 9c Of The Oklahoma Constitution May Employ Legal Counsel.
¶ 2 You first ask whether an Emergency Medical Service District may employ legal counsel to represent the district. The general statutory provision governing employing legal counsel is set forth at 74 O.S. 2001, § 18c[74-18c] and provides that, except as otherwise provided in that section, no State officer, board or commission, shall have authority to employ or appoint attorneys to advise or represent said officer, board or commission in any matter. Id. § 18c(A)(1). Subsection (A)(2) sets forth a list of agencies to which this provision does not apply. Emergency Medical Service Districts are not listed in Subsection (A)(2) as being exempted from this general provision. That does not end our inquiry, however, as the pertinent question is whether an Emergency Medical Service District is a State office, board or commission.
¶ 3 Neither the constitutional provision authorizing Emergency Medical Service Districts nor the statutory provisions providing for budgeting specifically address whether such districts are State agencies. In Attorney General Opinion 84-149, we discussed whether an Emergency Medical Service District was an "eligible employer" within the meaning of 74 O.S. Supp. 1984, § 902[74-902] (14), a provision in the Oklahoma Public Employees Retirement Act. The statute in effect at that time provided in pertinent part as follows:
 "Eligible employer" means the state and any county, county hospital, city or town, and any public or private trust in which a county, city or town participates and is the primary beneficiary is to be an eligible employer for the purpose of this act.
A.G. Opin. 84-149 at 274.
¶ 4 Based on this statutory language, which remains unchanged today with the exception of adding conservation districts to the list and recodification of subsection 14 to 13, we opined that Emergency Medical Service Districts do not fit within any of the five categories of eligible employers set forth in Section 902(14) as they were not (1) the State; (2) any county; (3) a county hospital; (4) a city or town; or (5) any public or private trust in which a county, city or town participates and is the primary beneficiary. Id. at 275. We categorized any such district as a "hybrid-type governmental entity" and noted that the districts have a distinct identity separate from those governmental entities listed in Section 902(14). Id. at 276.
¶ 5 Further, in A.G. Opin. 84-149, we specifically disavowed the concept that an Emergency Medical Service District is a State agency, noting that the employees of any such district and the board of trustees thereof are not State employees or officers and that none of the employees are paid by the State. We also stated that nowhere does Okla. Const. art. X, § 9C provide that any such districts are to be State agencies or institutions. Id. at 277.
¶ 6 Because Emergency Medical Service Districts are not State agencies, boards or commissions, they do not fall under 74 O.S.2001, § 18c[74-18c] and thus, no law prohibits them from employing legal counsel. Subsection (i) of Okla. Const. art. X, § 9C provides that the "board of trustees shall have legal authority to bring suits necessary to collect accounts owed and to sue and defend as necessary for the protection of the board." Subsection (o) further provides that the board of any district shall have capacity to sue and be sued.[2] Therefore, an Emergency Medical Service District may employ legal counsel to carry out these duties.
 II. An Emergency Medical Service District Formed under Article X, Section 9c Of The Oklahoma Constitution Must Provide Ambulance Service.
¶ 7 Your second question asks whether an Emergency Medical Service District is required to provide an ambulance service or whether the district may instead provide a first response agency. Article X, Section 9C of the Oklahoma Constitution begins by providing that the board of county commissioners, or boards if more than one county is involved, may call a special election to determine whether or not an ambulance service district shall be formed. The provision further states:
 a. All registered voters in such area shall be entitled to vote, as to whether or not such district shall be formed, and at the same time and in the same question authorize a tax levy not to exceed three (3) mills for the purpose of providing funds for the purpose of support, organization, operation and maintenance of district ambulance services, known as emergency medical service districts and hereinafter referred to as "districts."
Id. (emphasis added). Pursuant to this clear language, the purpose of establishing the emergency medical service district is to provide for "support, organization, operation and maintenance of district ambulance services." Id. (emphasis added)
¶ 8 "A constitutional amendment should be construed in consideration of its purpose and be given a practical interpretation to carry out the plainly manifested purpose of the people who adopted it." Smith v. State Bd. of Equalization,630 P.2d 1264, 1267 (Okla. 1981). As the language of Okla. Const. art. X, § 9C refers to district ambulance services and uses that term interchangeably with Emergency Medical Service Districts, we conclude that the constitutional provision requires that ambulance services be provided by Emergency Medical Service Districts formed under this provision. This is so regardless of the specific language of the resolution adopted by the county commissioners or the election proclamation used to form an Emergency Medical Service District.
¶ 9 We came to a similar conclusion in A.G. Opin. 84-149 where, in noting that Emergency Medical Service Districts are not organized for political or governmental purposes, we stated, "[t]hey are created solely for the purpose of promoting the welfare and benefit of the inhabitants of such District byproviding for ambulance service to the residents of the District."Id. at 276 (emphasis added). Other Attorney General Opinions have specifically used the term "ambulance service districts" in discussing the formation of districts pursuant to Okla. Const. art. X § 9C. See A.G. Opin. 84-192; A.G. Opin. 83-300; A.G. Opin. 83-88.
¶ 10 The Oklahoma Emergency Response Systems Development Act,63 O.S. 2001, §§ 1-2502[63-1-2502] through 1-2516, states that "`[a]mbulance service district' means any county, group of counties or parts of counties formed together to provide, operate and finance emergency medical services as provided by Section 9C
of Article X of the Oklahoma Constitution or Sections 1201 through 1221 of Title 19 of the Oklahoma Statutes[.]" 63 O.S.2001, § 1-2503(5). This is a further indication that districts formed pursuant to Okla. Const. art. X, § 9C are required to provide ambulance services.
 An Emergency Medical Service District Formed under Article X, Section 9c of the Oklahoma Constitution May Not Provide a First Response Agency in Lieu of an Ambulance Service.
¶ 11 You also asked whether an Emergency Medical Service District may provide a first response agency in lieu of an ambulance service. The term "first response agency" is not used in Okla. Const. art. X, § 9C or in the Emergency Medical Service District Budget Plan Act. It is used, however, in the "Oklahoma Emergency Response Systems Development Act," codified at 63 O.S.2001, §§ 1-2501[63-1-2501] through 1-2521. Section 1-2503(14) of that Act defines a "first response agency" as "an organization of any type certified by the Department to provide emergency medical care,but not transport." Id. (emphasis added). That subsection further provides that "[f]irst response agencies may utilize certified first responders or licensed emergency medical technicians; provided, however, that all personnel so utilized shall function under the direction of and consistent with guidelines for medical control[.]" Id.
¶ 12 Ambulance services, by definition, perform a different function than first response agencies. "Ambulance" is defined in the Oklahoma Emergency Response Systems Development Act at 63 O.S. 2001, § 1-2503[63-1-2503](1) as "any ground, air or water vehicle which is or should be approved by the Commissioner of Health, designedand equipped to transport a patient or patients and to provide appropriate on-scene and en route patient stabilization and care." Id. (emphasis added). As noted above, first response agencies are specifically defined to provide emergency medical care and not transport. Thus, ambulance services and first response agencies are statutorily designed to provide different services. Because Emergency Medical Service Districts, created pursuant to Okla. Const. art. X, § 9C, are constitutionally required to provide ambulance services, an Emergency Medical Service District may not provide a first response agency in lieu of an ambulance service.
 III. Because There Is No Specific Provision Of Law Which Requires Returning Money To Taxpayers If An Emergency Medical Service District Cannot Provide Ambulance Service, A Dissolving Emergency Medical Service District Should Seek A Declaratory Judgment From The District Court Requesting Instructions For The Proper Disposition Of Remaining Funds.
¶ 13 Your third question asks, when an Emergency Medical Service District is unable to provide an ambulance service due to an error in the expected annual income from the tax levy, whether the district is required to return money to the taxpayers. The expenditure of funds for an Emergency Medical Service District is governed by the Emergency Medical Service District Budget Act ("Act"), 19 O.S. 2001, §§ 1701-1723. Section 1718 provides for maintaining required funds and account groups consistent with legal and operating requirements and as prescribed by the State Auditor and Inspector. Section 1720 allows the board to transfer any unexpended and unencumbered appropriation or any portion thereof from one account to another within the same department or from one department to another within the same fund. It also provides for transfer of the remaining balance of certain accounts to the general fund whenever the necessity for maintaining any special fund of a district has ceased to exist. Section 1721(B) of the Act provides that if at any time during the budget year it appears probable that revenues available will be insufficient to meet the amount appropriated, or that due to unforeseen emergencies there is temporarily insufficient money in a particular fund to meet the requirements of appropriation for the fund, the board shall take action as it deems necessary. The board is given specific authority to amend the budget to reduce one or more appropriations with certain limitations.
¶ 14 The Constitution provides that if any district is dissolved, "any mill levy used to support, organize, operate and maintain the emergency medical service district shall cease" once all outstanding emergency medical service bonds are retired and debts incurred by the district are satisfied. Okla. Const. art. X, § 9C(m). Neither the Constitution nor the statutes prescribe what happens to funds if a district is dissolved and funds remain.
¶ 15 The rights of taxpayers are set forth in the Emergency Medical Service District Budget Act and include the right to file protests against any alleged illegality in the budget and the right at all reasonable times to examine the budget on file with the board. 19 O.S. 2001, § 1716[19-1716]. There is no mention in either the Constitution or in the statutory procedures of a process for returning money to the taxpayers. Therefore, if an Emergency Medical Service District is unable to provide ambulance service due to an error in the expected annual income form the tax levy, there is no specific provision of law that would require the district to return money to the taxpayers.
¶ 16 The Constitution, however, limits the use of Emergency Medical Service District funds. Okla. Const. art. X, § 19
provides that "every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose." Id. Thus, funds levied to support an Emergency Medical Service District may not be used for other purposes. In light of this prohibition and in the absence of specific directions on how an Emergency Medical Service District should dispose of surplus funds, if an Emergency Medical Service District seeks to dissolve, the district can ensure compliance with this constitutional provision by seeking a declaratory judgement from the district court requesting instructions for properly disposing of the remaining funds. 12O.S. 2001, § 1651[12-1651].
 IV. An Emergency Medical Service District Formed Under Article X, Section 9C Of The Oklahoma Constitution Which Includes Parts Of One Or More Counties Must Follow School District Boundary Lines, And Voters From The Entire School District must Vote On The Formation Of The District.
¶ 17 Okla. Const. art. X, § 9C(a) provides that an Emergency Medical Service District's area "may embrace a county, a part thereof, or more than one county or parts thereof, and in theevent the area covers only a part or parts of one or morecounties, the area must follow school district boundary lines."Id. (emphasis added). The significance of the constitutional provision is that it requires inclusion of an entire school district when the Emergency Medical Service District covers part or parts of more than one county. In such cases, registered voters from the entire school district must vote on the adoption of the Emergency Medical Service District. If an Emergency Medical Service District is established without the vote of the registered voters from the entire school district, the district has not been properly created, regardless of the language in the resolution or the proposition used to form an Emergency Medical Service District.
¶ 18 The board of county commissioners, or boards if more than one county is involved, may call a special election in accordance with Okla. Const. art. X, § 9C(a) to determine whether a new Emergency Medical Service District shall be formed. The specific procedures for forming an Emergency Medical Service District are set forth at Okla. Const. art. X, § 9C.
¶ 19 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. An Emergency Medical Service District Board created byOklahoma Constitution Article X, § 9C may employ legal counsel torepresent the Emergency Medical Services District.
 2. An Emergency Medical Service District created under theprovisions of Oklahoma Constitution Article X, § 9C is requiredto provide an ambulance service and may not provide a firstresponse agency in lieu of an ambulance service.
 3. If an Emergency Medical Service District is unable toprovide an ambulance service due to an error in the expectedannual income from the tax levy, there is no constitutional orstatutory provision requiring the district to return money to thetaxpayers. An Emergency Medical Service District should thus seekjudicial guidance as to how to properly dispose of its remainingfunds. 12 O.S. 2001, § 1651[12-1651].
 4. If an Emergency Medical Service District area embraces apart or parts of more than one county, it must follow schooldistrict boundary lines and registered voters from the entireschool district must vote on whether the district should beformed. If a district has not been properly created, a newdistrict may be created through a special election held inaccordance with Okla. Const. art X, § 9C.
W.A. DREW EDMONDSON Attorney General of Oklahoma
SANDRA D. HOWARD Senior Assistant Attorney General
[1] Emergency Medical Service Districts located within one or more Oklahoma counties which border any neighboring state may also be created pursuant to the Supplemental Emergency Services District Act. 63 O.S. 2001, §§ 1-2517[63-1-2517] through 1-2521. Your questions do not address these types of districts.
[2] This office stated in A.G. Opin. 77-208 that a district attorney is not required to appear and represent the board of trustees of an Emergency Medical Service District because it does not qualify as a county office under the provisions of 19 O.S.Supp. 1977, §§ 215.5[19-215.5] or 215.25. A.G. Opin. 77-208 at 176. District attorneys are required, however, to give "opinion and advice to the board of county commissioners and other civil officers of [their] counties when requested by such officers and boards, upon all matters in which any of the counties of [the district attorney] are interested, or relating to the duties of such boards or officers in which the state or counties may have an interest." 19 O.S. 2001, § 215.5[19-215.5]. Pursuant to Okla. Const. art. X, § 9C(n), all elections shall be conducted by the county election board or boards of each county or counties involved upon receipt of an election proclamation issued by a majority of the board or boards of county commissioners in the area affected. Thus, questions regarding the calling of a special election may be addressed by the district attorney. Questions regarding the collection of ad valorem taxes may also be addressed by the district attorney, as the county treasurer is responsible for collecting, apportioning and distributing ad valorem taxes. See68 O.S. 2001, §§ 2914-2924.